# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | CASE NO. 11 CR 4 |
| Plaintiff, | } | |
| | } | JUDGE ADAMS, J. |
| v. | } | |
| | } | |
| ERIC TUTSTONE, | } | **SENTENCING MEMORANDUM** |
| | } | **REQUESTING A** |
| Defendant. | } | **VARIANCE/DEPARTURE AND FOR** |
| | | **DRUG TREATMENT PURSUANT TO 18** |
| | | **U.S.C. SECTION 3612(E) AND 28 C.F.R.** |

Now comes the Defendant, ERIC TUTSTONE, by and through his attorney, and respectfully submits the attached sentencing memorandum and motion as is more fully supported by the arguments and law cited therein. The presentence report is incorporated in this memo by reference and indicates that Mr. Tutstone's tragic personal history and addiction to drugs with severe psychological conditions are sufficient to warrant: 1) A variance in accordance with 18 U.S.C. sec. 3553; 2) permit a sentencing option whereby this defendant would be eligible for early release for drug treatment pursuant to 18 U.S.C. sect. 3612(e) and 28 C.F.R. sect. 550.50.

       Respectfully submitted,


       __s/jkersey_____
       James M. Kersey (007815)
       1370 Ontario St.
       1350 Standard Bldg.
       Cleveland, OH 44113
       (216) 241-3470

## ATTORNEY FOR DEFENDANT

## SERVICE

    Now comes the undersigned and hereby certifies that a copy of the foregoing Sentencing Memorandum Requesting a Variance/departure and for Drug Treatment Pursuant to 18 U.S.C. Section 3612(e) and 28 C.F.R. was sent by e-mail to Duncan Brown, Asst. United States Atty., 801 W. Superior Ave., Suite 400, Cleveland, Ohio 44113, this ____ day of March, 2012.


       _s/jkersey_____
       James M. Kersey

# MEMORANDUM

**Defendant's: 1) Tragic Personal History; 2) Sociological Factors; 3) Exposure to Domestic Violence;4) Defendant suffered extraordinary mental abuse as a Child to warrant consideration for a departure.**

Contained in paragraphs 93, 94 and 95 of the presentence investigation report are facts that indicate that Eric Tutstone had an overall tragic personal history. That history also includes sociological factors, exposure to domestic violence and extraordinary mental abuse as a child. He lived and was , for the most part, supported by his divorced mother who suffered through domestic violence while living with defendant's father. He also endured , at the age of 13, his father's raping one of his sisters who was 15 or 16 at the time and with whom he had a close relationship. In addition, Eric endured having his sister, Diana, with whom he also had " the closest relationship" murdered(shot)  by her ex-boyfriend. Cumulatively, courts have been allowed to consider a departure where the defendant's troubled upbringing is relevant in determining an appropriate sentence.; see **U.S.v.Lopez,** 938 F.2d 1293(1991); **U.S. v. Deigert**, 916 F.2d 916(1990); see also **Penry v. Lynaugh**, 492U.S. 302(1989).  In **Lopez,** the trial court was ordered to consider a departure due to the defendant had been exposed to domestic violence, death of his mother by being murdered, growing up in the slums of New York. The personal history of this defendant parallels that of Mr. Lopez and , as a result, can be used as a basis to depart .Similarly, cultural

differences and sentencing departures such as the conduct exhibited by Mr. Tutston's father with himself and his siblings may warrant a departure. This subject was detailed in an article by *Olabisi* and may be found in :  5 Sent. Reporter 348-352 (1993) .

### The Defendant's Crime Constituted Aberrant Behavior

Admittedly, Eric Tutstone has a horrible traffic arrest and/or conviction record. In addition, he has had some criminal misadventure involving **alleged** domestic violence with two girlfriends( Sandra Simpson and Tisah Powell). Nowhere does his criminal history indicate involvement with Juvenile sex trafficking. The factual profile indicates that the present offense is an isolated occurrence and, thus indicates this conduct, although criminal, to be aberrant.

### Defendant's Habitual and Daily use of Marijuana Allows him to be Recommended for Drug Treatment

Contained in the presentence report is an indication that Mr. Tutstone smokes marijuana daily since 1997 and has never participated in substance abuse treatment. Should this Honorable Court recommend drug treatment pursuant to 18 U.S.C. sect. 3612(e) and 28 C.F.R. Sect 550.50, this defendant should benefit from such a program due to his lack of prior participation therein.

Respectfully submitted,

___s/jkersey_____
James M. Kersey  (007815)
1370 Ontario St.
1350 Standard Bldg.
Cleveland, OH  44113
(216) 241-3470

**ATTORNEY FOR DEFENDANT**