UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ERIC TUTSTONE, | ) | CASE NO. | 1:11CR00004 |
| | ) | | 1:14CV00922 |
| | ) | | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION | |
| | ) | AND ORDER | |
| Respondent. | ) | | |
| | ) | | |

The instant matter is before the Court upon Petitioner Eric Tutstone's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 169. The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II.     FACTS**

On December 10, 2010, Tutstone was arrested in association with a criminal complaint alleging he was engaged in the sex trafficking of a child. Doc. 1. He was later indicted on two counts: 1) "…knowingly, in and affecting interstate commerce, [did] recruit, entice, harbor, transport, provide…a minor under the age of 18, namely, 'S.J.', knowing and in reckless disregard

1

of the fact that 'S.J.' had not attained the age of 18 years and that 'S.J.' would be caused to engage in a commercial sex act, and did attempt so to do;" and 2) "…knowingly benefit, financially and by receiving anything of value, from participating in a venture, in and affecting interstate commerce, which did recruit, entice, harbor, transport, provide, obtain and maintain, by any means, a minor under the age of 18 years, namely 'S.J.', knowing and in reckless disregard of the fact that 'S.J.' had not attained the age of 18 years and that 'S.J.' would be caused to engage in a commercial sex act." Doc. 9. Tutstone entered a plea of "not guilty," and the matter proceeded to trial.

During trial preparation, Tutstone filed a motion to represent himself. Doc. 22. Following a hearing before the Court, the motion was granted, and Tutstone was permitted to proceed in the matter pro se. Doc. 23. Approximately one month later, the Court appointed Attorney Lawrence Whitney to assist Tutstone. Doc. 25. He later asked the Court to appoint separate counsel from the Public Defender's Office. Doc. 66. The Court then made a CJA 20 Appointment of Attorney Damian Billak and granted Tutstone's motion to continue the trial. Doc. 69-70. Attorney Billak subsequently moved to withdraw as counsel, and the Court appointed Attorney James Kersey. Doc. 86. Attorney Kersey represented Tutstone through the trial, where the jury rendered a guilty verdict on both counts of the indictment. Doc. 115.

This Court sentenced Tutstone to 135 months as to Counts 1 and 2, to be served concurrently. Doc. 127. Tutstone appealed the jury verdict to the Court of Appeals for the Sixth Circuit and later moved to have Attorney Kersey removed from his case. Docs. 129, 132, 139. This motion was granted, and Attorney Paul Nelson was appointed to represent Tutstone in his appeal. On May 1, 2013, the Sixth Circuit affirmed this Court's decision, and almost a year later, Tutstone filed a Motion to Vacate under 28 U.S.C. 2255.

**III.   LAW AND ARGUMENT**

Tutstone asserts five grounds for relief:

1) This Court erred in denying his pro se motion for an evidentiary hearing, not appointing new counsel for the defense when the Court saw that there was an "actual conflict of interest" between counsel and Tutstone, and in denying his motion for judgment of acquittal.

2) "The Government was overly involved in the investigation."

3) "Prosecutorial misconduct."

4) "Ineffective Assistance of Counsel."

5) "Ineffective Assistance of Appellate Counsel."

Doc. 169-1. All five grounds are without merit.


**1. GROUND ONE:  The Court erred in denying Tutstone's evidentiary hearing, not appointing new counsel, and not granting his motion for acquittal.**

Although Tutstone mentions the issues of new counsel and the motion for acquittal in the heading for Ground One, he makes no argument in support of either issue in the body of his motion. As such, the Court did not err by not appointing new counsel as alleged or by not granting his motion for acquittal.

As to Tutstone's remaining argument, FBI Special Agent Kolonick completed an affidavit that was attached to the underlying Criminal Complaint. Doc. 1. That affidavit contained alleged statements by Tutstone, which formed sufficient probable cause to arrest him for knowingly sex trafficking a child. Doc. 1-1. Five days before trial, Tutstone filed a motion for a "*Franks*" hearing to dispute Special Agent Kolonick's characterization of his statements. This motion was subsequently denied.

3

Tutstone now argues that the Court erred in failing to hold an evidentiary hearing on his motion.  While Tutstone presents this argument here, he failed to raise the argument on direct appeal.

> It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir.2003) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal citations omitted).

*Ray v. U.S.*, 721 F.3d 758, 761 (6th Cir. 2013); see also *U.S. v. Frady*, 456 U.S. 152, 167-68 (1982).

In this case, Tutstone makes no argument nor gives any reason why he failed to raise this claim on direct appeal.  As such, the Court need not analyze the "cause and prejudice" standard further.  Finally, Tutstone makes no argument in Ground One, and presents no evidence that he is actually innocent.  Tutstone makes a passing comment as to ineffective assistance of counsel but provides no explanation or foundation, Tutstone fails to demonstrate any error as to Ground One.

**2. GROUND TWO:  The Government was overly involved in the investigation.**

In Ground Two of his motion, Tutstone makes a blanket statement that the Government was "overly involved in the investigation" and then describes the Confidential Informant's involvement in the sting operation.  Doc. 169-1 at 11.  The Government being "overly involved in the investigation" is not a discernable legal theory.  To the extent that Tutstone is attempting to piece together an argument for entrapment, his brief does not outline or support the necessary elements of the defense.  Furthermore, to the extent that Tutstone makes a generalized allegation of ineffective assistance of counsel for failing to raise his ambiguous concoction of facts and legal words, he does not identify an aspect of his counsel's performance that was so deficient, his counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Strickland v. Washington,* 466

4

U.S. 668, 687 (1984). Having presided over the trial, there is nothing to suggest that the defense of entrapment was appropriate, especially in light of the recorded conversations involving Tutstone himself. There is nothing to suggest that his attorney was deficient in his performance.

### 3. GROUND THREE: Prosecutorial Misconduct.

In his third ground for relief, Tutstone seems to argue that the Government inappropriately mentioned the elements of the charges against him during jury selection and that, as a result, the jurors were moved by emotion against him. Specifically, Tutstone objects to the Government inquiring of the jurors whether anyone had personal, legal, or moral beliefs about the legality of prostitution that would make them unable to impartially follow the law as provided by the Court. Certainly, an inquiry of this kind is not only appropriate but part of ensuring Tutstone's right to have an unbiased jury decide his case. Furthermore, this is another issue that Tutstone could have raised on direct appeal but failed to do so. He has demonstrated no cause or prejudice for failing to present the issue on direct appeal, and given all of this, his third ground for relief is without merit.

### 4. GROUND FOUR: Ineffective Assistance of Counsel.

Tutstone alleges that his trial counsel, Attorney Kersey, was ineffective for multiple reasons. He first argues that Attorney Kersey did not retrieve his prison medical records, which would have then formed the basis of a motion to suppress evidence. While Tutstone talks generally about "medical records" and a "motion for suppression [sic]," he never states what the medical records would reveal or how those records would have formed the basis of a motion to suppress. In fact, he never articulates what evidence he would want excluded as a result of the medical records. As such, he cannot establish that Attorney Kersey's representation was so deficient that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

5

Tutstone next argues that Attorney Kersey rendered ineffective assistance of counsel when he failed to file a motion for a *Franks* evidentiary hearing. While Attorney Kersey did not file the motion, Tutstone, himself, filed the motion five days before trial as described above. The law does not require a court to hold an evidentiary hearing every time someone files a *Franks* motion. Instead, this Court evaluated the motion, heard the evidence at trial, and consequently denied the motion. Tutstone had an opportunity to be heard and cannot establish that Attorney Kersey's representation was deficient.

Tutstone then argues that Attorney Kersey did not properly preserve certain objections during trial. Tutstone fails to specifically identify the offensive statements. Thus, it is impossible for this Court to evaluate which statements Tutstone believes should have prompted an objection.

Tutstone next alleges generally that Attorney Kersey was operating under an "actual conflict of interest." Tutstone then criticizes his lawyer for sending subpoenas with typographical errors to defense witnesses. He argues that Attorney Kersey made two errors that disincentivized the witnesses from appearing at trial – namely, that the trial date was written as 2011 when the trial took place in 2010 and that witnesses would need to appear at 1:00 a.m. instead of 1:00 p.m.

Although Tutstone uses these errors to explain why the witnesses did not appear at trial, he ignores the very transcript evidence he attached to his motion. As seen in the transcript excerpts, Attorney Kersey successfully served each of the three witnesses; however, each person contacted Kersey and refused to testify because they did not want to get involved in the matter – even stating that Tutstone would not like the testimony they would give if he did not withdraw the subpoenas. Each of the witnesses confirmed their refusal to testify in writing. They gave no indication that they were refusing based on any typographical errors.

6

After receiving verbal and written refusals to appear, Attorney Kersey sought the help of the Court to ensure the witnesses' appearance. The Court explained to Tutstone that it could compel the witnesses to be present but that their testimony, under compulsion, may do more harm than good to his defense. Tutstone then withdrew his request that the Court issue a capias to each witness. Ultimately, the failure of these defense witnesses to appear was not related to any mistake on the date and time of trial, but instead on their unwillingness to participate in the proceedings on Tutstone's behalf and Tutstone's own decision not to pursue Court intervention to compel the witnesses to appear.

In his last argument for ineffective assistance of counsel, Tutstone argues that Attorney Kersey's representation was deficient because the Court denied his motion for acquittal. This argument has no merit. Tutstone attempts to re-litigate the issue of whether his phone calls affected interstate commerce and thus, whether the Government could sustain its burden of proof under 18 U.S.C. §1591. Tutstone raised the issue of interstate commerce in his direct appeal to the Sixth Circuit. After thoroughly reviewing the trial testimony, including the testimony of Agent Horan, the Sixth Circuit determined that "…the government presented sufficient proof to connect Tutstone's conduct within Ohio to interstate commerce as provided in §1591 and as charged in both counts of the indictment." Doc. 165. Tutstone has presented no facts or evidence that would call into question the Sixth Circuit's analysis or conclusion. Attorney Kersey's motion for acquittal was denied on this issue, not because Kersey's argument was deficient, but because the Government sufficiently connected Tutstone's conduct to interstate commerce. Tutstone's argument is without merit.

### 5. GROUND FIVE: Ineffective Assistance of Appellate Counsel.

In his final ground for relief, Tutstone argues that his appellate counsel, Attorney Nelson, was ineffective because he failed to raise on direct appeal the issues presented in Grounds One through Four above. However, because the Court finds Grounds One through Four to be baseless, Attorney Nelson's failure to raise these meritless claims on appeal did not constitute ineffective assistance of counsel.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Eric Tutstone's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.** Tutstone has requested an evidentiary hearing and the appointment of counsel. However, since an evidentiary hearing is unnecessary based on the record in this case and the appointment of counsel would not resuscitate Tutstone's legal arguments, both motions are **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: December 5, 2016   /s/ *John R. Adams*
 JOHN R. ADAMS
 UNITED STATES DISTRICT JUDGE